**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TONYA WILSON,

        Plaintiff,

v.

                                          Case No. 8:24-cv-2628-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

        Defendant.

## <u>OPINION AND ORDER</u>[2]

### I.   Status

Tonya Wilson ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of neuropathy, issues with her feet and legs, back issues, kidney problems, high blood pressure, and anxiety. Transcript of Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed January 10,

---

[1]    Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. <u>See</u> Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

2025, at 73, 81, 215. Plaintiff protectively filed an application for DIB on March 10, 2022, alleging a disability onset date of March 10, 2022.[3] Tr. at 157-63. The application was denied initially, Tr. at 73-79, 80, 96-99, and upon reconsideration, Tr. at 81-88, 89, 102-04.

On March 21, 2024, an Administrative Law Judge ("ALJ") held a hearing,[4] during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 40-72. On August 12, 2024, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 17-34. Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her lawyer. See Tr. at 4-5 (Appeals Council exhibit list and order), 151-53 (request for review), 305-08 (brief and cover letter). On September 13, 2024, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On November 12, 2024, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

---

[3] Although actually completed on March 31, 2022, see Tr. at 157, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as March 10, 2022, see, e.g., Tr. at 73, 81.

[4] The hearing was held via telephone with Plaintiff's consent. Tr. at 42-44, 125-26, 141.

On appeal, Plaintiff argues "the ALJ Decision was in error in relying on testimony from a [VE] which was clearly and unmistakenly inaccurate." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 18; "Pl.'s Mem."), filed April 25, 2025, at 3 (emphasis and capitalization omitted). On May 23, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem.") addressing Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national

---

[5]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 14-33. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 10, 2022, the alleged onset date." Tr. at 20 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: spine disorders; osteoarthritis; and peripheral neuropathy." Tr. at 20 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 23 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform less than the full range of light work as defined in 20 CFR [§] 404.1567(b). [Plaintiff] can lift, carry, push, and/or pull up to 20 pounds occasionally and 10 pounds frequently; can sit for up to six hours, stand for up to six hours, and walk for up to six hours out of an eight-hour workday. [Plaintiff] can also frequently climb ramps or stairs; can occasionally climb ladders, ropes, or scaffolds; can occasionally stoop; and can frequently

> balance, kneel, crouch, or crawl. In addition, [Plaintiff] can frequently handle items with the left hand; can frequently handle items with the right hand; can frequently finger with the left hand; can frequently finger with the right hand; can frequently feel with the left; and can frequently feel with the right. Additionally, [Plaintiff] can frequently have exposure to environments with unprotected heights, moving mechanical parts, extreme cold, extreme heat, or vibration.

Tr. at 24-25 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "Food Service Manager." Tr. at 31 (citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 32-33. After considering Plaintiff's age ("53 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found Plaintiff "has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy," Tr. at 32, such as "Merchandise Sales," "General Clerk," and "Cashier/Checker." Tr. at 33. The ALJ concluded Plaintiff "has not been under a disability . . . from March 10, 2022, through the date of th[e D]ecision." Tr. at 33 (emphasis and citation omitted).

## III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given

to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in relying on VE testimony that: 1) cited the wrong DOT number for her past relevant work and thus relied on erroneous

transferrable skills; 2) erred in initially determining Plaintiff could perform a general clerk position (but later acknowledged the error); 3) stated Plaintiff could perform the job of merchandise sales person despite it containing additional skills that Plaintiff did not acquire in her past relevant work; and 4) indicated that Plaintiff could perform the job of cashier/checker that requires constant reaching, handling, and fingering when Plaintiff is limited to only frequent handling and fingering. Pl.'s Mem. at 4-6. Responding, Defendant contends both the step four and step five findings are supported by substantial evidence. Def.'s Mem. at 2-6.

At step four of the sequential inquiry, an ALJ must assess a claimant's RFC and determine whether the claimant can perform his or her past relevant work. See 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "[T]o constitute past relevant work, the position in question must have been done within a fifteen year period, lasted long enough for the claimant to learn to do it, and be performed at a substantial gainful activity level." Brown v. Barnhart, 410 F. Supp. 2d 1287, 1297 (S.D. Fla. 2006) (citing, e.g., 20 C.F.R. § 404.1565(a)). "At step four, the claimant carries a heavy burden of showing that his impairment prevents him from performing his past relevant work." Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1359 (11th Cir. 2018) (citation omitted).

At step five in the sequential inquiry, "the ALJ must determine if there is other work available in significant numbers in the national economy that the

- 7 -

claimant has the ability to perform." Phillips, 357 F.3d at 1239.   To make the steps four and five determinations, the ALJ may pose a hypothetical question to a VE. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Wolfe v. Chater, 86 F.3d 1072, 1077-78 (11th Cir. 1996)); see also Zimmer v. Comm'r of Soc. Sec., 211 F. App'x 819, 820 (11th Cir. 2006) (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir.1999) ("An ALJ relies on the testimony of a [VE] to determine what level of skill the claimant achieved in his [or her] past work, whether the claimant has transferable skills, and whether the claimant can perform other jobs.")).

"In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson, 284 F.3d at 1227 (citing Jones, 190 F.3d at 1229).   If there are "apparent conflicts" between a VE's testimony and the DOT, the ALJ must identify them, "ask the VE about them, and explain how the conflict was resolved in the ALJ's . . . [D]ecision."   Washington, 906 F.3d at 1365; see also SSR 00-4P, 2000 WL 1898704, at *2. The ALJ is required to "articulate specific jobs" that exist in the national economy "that the claimant can perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation omitted).

Here, Plaintiff testified she had been a general manager at the fast-food chain Wendy's. Tr. at 55. Later, the ALJ asked the VE about Plaintiff's past work and transferrable skills. Tr. at 60-61. The VE testified that Plaintiff's past work is classified as "manager within the food service industry," citing DOT classification code "187.167-106" with an SVP of 7 and a "light exertional level." Tr. at 61. The ALJ asked the VE to identify the jobs that can be performed by an individual with Plaintiff's age, education, transferrable skills, and ultimate RFC. See Tr. at 61-63. The VE testified that Plaintiff has transferrable skills to the positions of "general merchandise sales" with 179,941 positions available in the national economy, "general clerk" with 170,941 positions available, and "cashier checker" with 929,846 positions available. Tr. at 62-63. According to the VE, the transferrable skills included "organization, being able to lead a team, work within a timely manner and fashion, . . . keep track of things as well as maintaining in accordance [sic] a day." Tr. at 63. On examination by Plaintiff's counsel, the VE recognized that he had erred initially in describing the job of "general clerk," Tr. at 70, but after reading the job description, stated that it could still be done with an accommodation of sitting and standing. Tr. at 70-71.

In the written Decision, the ALJ adopted the VE's testimony, finding that Plaintiff can perform the representative occupations of "Merchandise Sales, "General Clerk," and "Cashier/Checker." Tr. at 33. The ALJ articulated

the specific number of jobs available for each position as testified to by the VE, and, importantly, found that "any one of the above occupations would offer significant numbers in the national economy." Tr. at 33.

The ALJ did not commit reversible error in making the steps four and five findings. Plaintiff contends that as to her past relevant work at step four, the VE cited an erroneous DOT number. Pl.'s Mem. at 7. According to Plaintiff, the VE cited 187-167.06, but that is for work at a traditional restaurant. Id. Plaintiff argues the correct DOT number is 185.137-010, which pertains to fast food management. Id. But, Plaintiff's counsel did not raise this point at the hearing, leaving the VE testimony unchallenged.

Plaintiff now asks the Court to decipher the most relevant DOT code for her work at Wendy's, a task best suited for the VE in the first instance. Although it does appear that the code Plaintiff now cites is exclusive to fast food management, the Court cannot say with certainty that the code cited by the VE precludes the type of fast food management Plaintiff performed. Compare 1991 WL 671285 (DOT 185.137-010), with 1991 WL 671389 (DOT 187.167-106). In any event, the skills identified by the VE that were transferrable, Tr. at 63, appear to be present in both jobs, see 1991 WL 671285, 1991 WL 671389.  So, any error by the VE in citing the wrong code was harmless.

Plaintiff also argues the jobs identified by the VE at step five are flawed in various ways. Pl.'s Mem. at 4-7. But, even excising the jobs about which

- 10 -

Plaintiff mainly complains (cashier/checker and general clerk), see id., the job of merchandise salesperson remains. Plaintiff speculates that a merchandise salesperson would require additional skills of "learn[ing] about the product they are selling, before they can be proficient in that position" and "[i]nfluencing people in their opinions, attitudes, and judgments." Id. at 6. Setting aside that these job requirements articulated by Plaintiff are somewhat speculative, the VE testified that Plaintiff's transferrable skills—and only those skills—are required to perform the job. Tr. at 63. The VE's testimony provided substantial evidence upon which the ALJ relied in making the finding that Plaintiff can perform the merchandise salesperson job. See Tr. at 33. That job, containing 170,941 positions nationally, suffices at step five.[6] The ALJ did not commit reversible error.

---

[6]      In Viverette, when an ALJ "apparently treated . . . cumulatively" three different jobs "for purposes of the 'significant numbers' determination," the Eleventh Circuit was "hesitant to make any factual determinations about whether [two untainted jobs] exist in significant numbers in the national economy" after one job was removed for error in the VE's testimony. Viverette v. Comm'r of Soc. Sec., 13 F.4th 1309, 1318 (11th Cir. 2021). Here, however, the ALJ made the specific finding that "any one of the above occupations would offer significant numbers in the national economy, in and of itself." Tr. at 33. In other words, even excising the possibly problematic jobs, the ALJ's finding on the merchandise sales job is unaffected. See Gonzalez v. Comm'r of Soc. Sec., No. 8:22-cv-1403-DNF, 2024 WL 489494, at *7 (M.D. Fla. Feb. 8, 2024) (quotations omitted) (distinguishing Viverette when an ALJ found "each of the proffered jobs, individually, exists in significant numbers in the national economy, and expressly considered the available number of jobs for the proffered positions both singly and in combination").

- 11 -

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 19, 2026.


James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge


kaw
Copies:
Counsel of Record

- 12 -